**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WARMING TREE SERVICE, INC., etc.,

        Plaintiff,

vs.                                                      Case No. 3:09-cv-124-J-32MCR

BELLSOUTH ADVERTISING & PUBLISHING
CORPORATION, et al.,

        Defendants.

_____

## ORDER[1]

Plaintiff Warming Tree Service, Inc. ("Warming Tree") is a Florida landscaping company that contracted with defendants BellSouth Advertising & Publishing Corporation, a Georgia corporation, and Intelligent Media Ventures, LLC, a Georgia limited liability company whose sole member is BellSouth Advertising & Publishing Corporation,[2] to place advertising in telephone directories. In a three count class action complaint filed on January 14, 2009 in the Fourth Judicial Circuit, in and for Duval County, Warming Tree alleged that BellSouth printed the wrong telephone number in Warming Tree's telephone directory advertisement for three years (2004-2007) and failed to correct the ad or make an appropriate adjustment to Warming Tree's bill. In its complaint, Warming Tree alleges that its own damages exceed the state court jurisdictional sum of $15,000 and further alleges

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2]Hereafter, these defendants are jointly referred to as "BellSouth."

there are approximately 500 to 2000 similarly situated Florida advertisers whose BellSouth phone directory advertisements contained materially erroneous information. Warming Tree sues for breach of contract, restitution and unfair and deceptive trade practice and seeks for itself and the class members declaratory and injunctive relief, statutory damages and attorneys' fees, and actual and consequential damages, interest, and costs. See generally, Doc. 2 (Complaint).

On February 13, 2009, BellSouth filed a Notice of Removal contending jurisdiction was available in this Court under both the Class Action and Fairness Act ("CAFA"), (codified at 28 U.S.C. §§1332(d) and 1453) and diversity (28 U.S.C. §§1332(a) and 1441(a)). BellSouth then filed a motion to dismiss for improper venue or alternatively, to transfer venue (Doc. 4), arguing that the forum selection clause in the parties' advertising contract provides that any action will be brought in either the United States District Court for the Northern District of Georgia or the Superior Court of DeKalb County, Georgia. Warming Tree's response in opposition (Doc. 7) asserts that while BellSouth properly removed this action to federal court, dismissal or transfer is not warranted because the forum selection clause was not part of the contract, it would be unfair and against public policy to enforce it, and because BellSouth waived its right to move to transfer or dismiss for improper venue by removing the case to this Court.

Upon review of these papers, the Court had concerns about its jurisdiction and, in granting BellSouth leave to file a reply, the Court ordered BellSouth (as the removing party) to address the jurisdictional issue in its filing (see Order, Doc. 12), which BellSouth has now done (Doc. 16). Warming Tree did not file a sur-reply or any supplemental papers regarding

the jurisdictional issue, although the Court's Order (Doc. 12) permitted it to do so. These matters are therefore now ripe for review.

First, as to the Court's subject matter jurisdiction, the Court is now satisfied that BellSouth properly removed this case to federal court. Warming Tree's complaint sufficiently alleged that the parties were completely diverse (Warming Tree and the putative class members being Florida citizens and the two BellSouth defendants being citizens of Georgia). As for the amount in controversy, Warming Tree's complaint stated that its damages were in an amount in excess of $15,000.00 and it also sought attorney's fees. Warming Tree further alleged that "[u]pon the best information available to [Warming Tree]," approximately 500-2000 persons in Florida would be eligible members of the class of persons whose advertising contracts with BellSouth contained materially erroneous information thereby causing them damage. See Complaint, Doc. 2 at ¶¶ 25-26. In the Notice of Removal, BellSouth extrapolated these figures and determined that even if only 500 persons were members of the class, and each only had claims for $15,000, the $5,000,000.00 required for removal under CAFA would be satisfied ($15,000 X 500 = $7,500,000.00). BellSouth alternatively calculated that the attorneys' fees in a case involving class action discovery would quickly mount, such that if added to the $15,000 minimum of damages pled, the amount in controversy stated by Warming Tree's own claim establishes that the damages pled exceed $75,000 as required for diversity jurisdiction (with the other putative class members being subject to the Court's supplemental jurisdiction). See Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 549 (2005).

The Court directed BellSouth to supplement this analysis because the Court could not determine from the notice of removal or from the face of the complaint how Warming Tree had calculated the number of persons potentially eligible as class members. Nor had the parties provided information as to the value of the underlying advertising contracts which might permit the Court to determine whether Warming Tree's individual damages even met the $15,000 state court jurisdictional minimum (or, by extrapolation, the amount of damages putative class members would have allegedly suffered). BellSouth has now provided (by sworn declaration) the requested supplementation, which demonstrates that BellSouth billed Warming Tree $72,120.84 for print advertising pursuant to their contracts (an amount for which Warming Tree seeks a full refund and to which sum attorney's fees would be added to calculate the amount in controversy) and further establishes that BellSouth has provided adjustments to Florida customers for advertisements alleged to contain erroneous information (about either the phone number or other text) approximately 6,700 times in the past four years, totaling nearly $8,000,000.00 in adjustments. See Doc. 16, and attachment. As the complaint seeks a full refund of all charges, which greatly exceed the amount of the adjustments, the jurisdictional amount under CAFA is met. Upon this record, and without objection from Warming Tree, the Court is satisfied that it may exercise subject matter jurisdiction pursuant to both 28 U.S.C. §§ 1332(d) and 1453 (CAFA), and 28 U.S.C. §§ 1332(a) and 1441 (diversity).[3]

---

[3] See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) (permitting supplementation of evidence to prove amount in controversy where record not clear); see also, Corporate Management Advisors v. Artjen Complexus, 561 F.3d 1294, 1297 (11th Cir. 2009) (directing district court to allow parties opportunity to cure defective allegations of

Turning next to the motion to dismiss or transfer venue, Warming Tree's arguments against the motion are unconvincing. First, the Court finds that the forum selection clause is a part of the contract that undisputedly governs the parties' relationship as evidenced by the fact that Warming Tree attached "General Terms and Conditions" (with the relevant forum selection clause) to its complaint and is suing BellSouth for an alleged breach of the contract with incorporates these Terms and Conditions (as well as on other related grounds). The incorporation of the forum selection clause into the parties' contract is further supported by the series of contracts signed by Warming Tree for the various years of advertising, each of which incorporates the same Terms and Conditions which include the forum selection clause. See Doc. 16 at Exhibit 1, attachments. The language of the forum selection clause plainly states that venue for any litigation under the contract will exclusively lie in the Northern District of Georgia or DeKalb County Superior Court.[4] Thus, unless Warming Tree can clearly demonstrate that enforcement of the forum selection clause would be "unreasonable and unjust, or that the clause [is] invalid for such reasons as fraud or overreaching," the parties to this contract shall be bound by it. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972) (holding that party seeking to avoid enforcement of forum jurisdiction).

---

[4]The forum selection clause states as follows: "Any litigation arising out of or related to this Agreement or the Advertising which forms the subject matter of this Agreement shall be filed only in the United States District Court for the Northern District of Georgia or the Superior Court of DeKalb County, Georgia; you hereby consent and submit yourself to the sole and exclusive jurisdiction and venue of those courts; and you hereby waive any objection based on the convenience of those exclusive venues." See Doc. 2 (Complaint) at Exhibit A, ¶18.

selection clause must demonstrate contracted forum is "so gravely difficult and inconvenient" as to be practical equivalent of depriving party of his day in court); P & S Business Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003) (explaining that "while other factors might conceivably militate against a transfer . . . the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors") (quotations and citations omitted).

Here, Warming Tree suggests that because its complaint alleges a claim under the Florida Deceptive and Unfair Trade Practices Act, a Georgia court would apply Georgia law to the case, thereby depriving Warming Tree of its cause of action under Florida law. The availability of a cause of action is not dependent upon the geographic jurisdiction of the federal court in which the case is heard and indeed, federal courts sitting in diversity regularly engage in a choice of law analysis to determine which state's laws to apply. See Ferens v. John Deere Co., 494 U.S. 516, 524-25 (1990) (explaining that venue transfer under § 1404(a) does not change federal court's choice-of-law analysis in diversity cases). As BellSouth notes, the parties' contract here contains a choice of law provision which, if applicable, would govern the proceedings regardless of the forum. The inclusion of the Florida Deceptive and Unfair Trade Practices Act claim in Warming Tree's complaint does not present a basis to override the forum selection clause because the viability of that claim is not dependent on the forum in which the case is heard.

As for the other relevant factors, Warming Tree and the other putative plaintiff class members are Florida residents, the contracts at issue were executed in Florida, and BellSouth has an office in Jacksonville, Florida. However, Warming Tree did not suggest

6

that the Northern District of Georgia was an inconvenient location for parties or witnesses to travel to (though notably, the forum selection clause also contains an explicit waiver of any objection based on convenience), and the headquarters for both BellSouth defendants are located in the Northern District of Georgia, as are their principal places of business. All the employees of defendant Intelligent Media Ventures, LLC are in Atlanta and, according to undisputed BellSouth declarations, the BellSouth Advertising and Publishing Company employees with the most knowledge about the dispute are in the Atlanta area, which is also where the company handles all of its legal matters and major complaint escalations as well. All electronic BellSouth records are accessible in the Northern District and any older paper records (such as original correspondence related to Warming Tree's advertisements) are retained in Atlanta. BellSouth also notes that the Northern District of Georgia is experienced in handling litigation involving BellSouth's telephone directory advertising contracts, experience based in part on BellSouth's history of vigilantly enforcing the forum selection clause included in those contracts. In sum, these factors weigh in favor of enforcing the forum selection clause contained in the parties' contract.

The Court also rejects Warming Tree's suggestion that by removing the case from Florida state court to this federal Court, BellSouth waived its right to seek dismissal or transfer to yet another forum. While BellSouth could have moved to dismiss the case pursuant to the forum selection clause while it was still in Florida state court, so too could it remove the case here and seek dismissal or transfer between the two district courts. See, e.g., Hollis v. Florida State University, 259 F.3d 1295, 1300 (11th Cir. 2001) (explaining that a removing defendant can seek transfer under § 1404(a)); Lambert v. Kysar, 983 F.2d 1110,

1112-13 (1st Cir. 1993) (holding case properly dismissed following removal based on valid forum selection clause). Indeed, the transfer option available to this Court under 28 U.S.C. § 1404(a) makes this a more expedient process for all parties than would dismissal (from either state court or this Court) and refiling.

For these reasons, the Court finds this case is due to be transferred to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. § 1404(a) and it is therefore hereby

**ORDERED**:

Defendants' Motion to Dismiss for Improper Venue or to Transfer (Doc. 4) is **GRANTED** to the extent that this case is hereby **TRANSFERRED** to the United States District Court for the Northern District of Georgia. The Clerk is directed to close this file.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of September, 2009.

_____
**TIMOTHY J. CORRIGAN**
United States District Judge

s.
Copies:

counsel of record

Clerk of Court, N.D. Ga.

8